(16 Misc. Rep. 7.)

### SCHOENHOLTZ v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

INSTRUCTIONS—ASSUMPTION OF FACTS.

 The giving of requests to charge which assume facts that are for jury to determine is error.

Appeal from city court of New York, general term.

Action by Morris Schoenholtz against the Third Avenue Railroad Company. From a judgment of the general term (36 N. Y. Supp. 15) affirming a judgment of the trial term for plaintiff, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson (H. L. Scheuerman, of counsel), for appellant.

M. Strassman, for respondent.

McADAM, J. The action was to recover for injuries to the plaintiff and to a wagon and the property contained therein, sustained through a collision between the wagon, which the plaintiff was driving, and one of defendant's cable cars, at Third avenue and Fifty-Third street. The trial judge, in his charge, instructed the jury that before the plaintiff could recover he was bound to satisfy them by a preponderance of proof that he was entirely free from fault himself, and that the occurrence was the result solely of the negligence of the defendant or its servants, and left these questions to them on all the evidence for their determination. The charge itself is unobjectionable, and the grounds urged by the defendant for reversal are based almost entirely on charges made at the request of the plaintiff's counsel, who undertook to improve on what the trial judge had said by making 28 separate requests; defendant's counsel modestly contenting himself with 17. Ten pages of the printed record are devoted to these instructions, which need not be gone over in detail. It is sufficient to say that the plaintiff insisted on putting specific requests, incomplete in themselves, not being properly connected, or made dependent on other facts, and in this way the jury were directed in a fragmentary manner as to what constituted negligence and contributory negligence, and what did not constitute such want of care in this particular instance. The requests charged which are particularly objectionable follow:

 "Eighteenth. If the jury believe the gripman failed to give the plaintiff a reasonable opportunity to cross the tracks, and ran him down in consequence thereof, then the plaintiff is entitled to recover, provided he himself did not contribute to the negligence."

This assumes that the gripman saw the plaintiff in time to avoid him, and, instead of avoiding him, ran him down. A request to charge is improper which assumes a fact that it is for the jury to determine.

 "Twenty-First. If the jury believe that the gripman of the car saw the wagon on the track while in the act of crossing it, it was the gripman's duty to keep his car under control, and to allow the wagon to cross in safety."

The propriety of this request depends upon whether the jury believed the plaintiff's version of the collision; and, irrespective of that, it implies negligence on the part of the gripman.

"Twenty-Fourth. The plaintiff may recover notwithstanding his own negligence exposed him to the risk of injury, if the gripman, after becoming aware of the plaintiff's danger, failed to use ordinary care in preventing the collision."

This might be so if the gripman, on observing the plaintiff's danger, could have avoided the collision by the use of ordinary care. The last impression which was made upon the jury by these directions was misleading, and constitutes error. Nicholson v. Connor, 9 Daly, at page 278.

It was said on the argument that the stenographer was more liberal in allowing the defendant exceptions than he ought to have been; but that is matter which should have been settled in the court below, and with which we have nothing to do. We must deal with the exceptions found upon the record returned to us for review.

It follows that the judgments of the trial and general terms must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.